NUMBER 13-15-00302-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLARENCE WILLIAM McCLURE,                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                  **Appellee.**

### On appeal from the 368th District Court
### of Williamson County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

A Williamson County grand jury indicted appellant Clarence William McClure for aggravated assault of a public servant, a first degree felony, and possession of controlled substance, a state jail felony.[1]   *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through

through 2015 R.S.); TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2015 R.S.).   On October 15, 2008, McClure pleaded nolo contendere to both counts. *See* TEX. PENAL CODE ANN. § 22.02; TEX. HEALTH & SAFETY CODE ANN. § 481.115. Pursuant to a plea agreement, the trial court deferred adjudication of the offense and placed McClure on probation for a term of eight (8) years with a $2,500 fine on count one, and sentenced McClure to 319 days in the Texas Department of Criminal Justice–State Jail Division on count two.

On April 30, 2014, the State filed a motion to revoke McClure's community supervision on count one alleging among other things that McClure was in possession of controlled substance and failed to pay fines and court costs.   On April 22, 2015 and on May 5, 2015, the State filed amended motions to revoke McClure's community supervision alleging among other things that McClure was in possession of a controlled substance, committed the offenses of assault of a public servant and evading arrests, and failed to pay fines and court costs.   *See* TEX. PENAL CODE ANN. §§ 22.01, 38.04 (West, Westlaw through 2015 R.S.).   At the hearing, McClure pled true to three of the violations alleged.   Based upon McClure's plea of true, the Court found them to be true, adjudicated him guilty, and sentenced McClure to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.   This appeal followed.   McClure's court-appointed counsel has filed an *Anders* brief.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   We affirm.

---

2015 R.S.).

## I.  ANDERS BRIEF

Pursuant to *Anders v. California*, McClure's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated.  *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), McClure's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.   McClure's counsel has also ensured that McClure has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided McClure with copies of both pleadings; (3) informed McClure of his rights to file a pro se response,[2]  review the record preparatory to filing that response, and seek discretionary review if the we concluded that the appeal is frivolous; and (4) provided with a form motion

---

[2]   The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

for pro se access to the appellate record, lacking only McClure's signature and the date and including the mailing address of this Court, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

On December 3, 2015, McClure was provided with a copy of the appellate record. No pro se brief was filed nor extension requested.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

4

Accordingly, the trial court's judgment is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, McClure's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to McClure and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
12th day of May, 2016.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.